(21 Misc. Rep. 695.)

ELIASSOF et al. v. DE WANDELAER et al.

(Supreme Court, Trial Term, Albany County. October, 1897.)

1. ASSIGNMENTS FOR CREDITORS—AUTHORITY OF ASSIGNEE.
   In determining the authority of an assignee in a voluntary deed of assignment, in regard to the distribution of the fund, resort cannot be had to equitable principles.

2. SAME—PREFERENCES—AMOUNT.
   A direction in an assignment for the payment of more than one-third of the assets to specified creditors, in violation of Laws 1887, c. 503, does not vitiate the assignment itself.

3. SAME—CONSTRUCTION OF DEED—DISTRIBUTION OF FUND.
   A deed of assignment, excepting property exempt by law, but otherwise general, provided for the payment of certain claims in full, if there should be sufficient proceeds applicable thereto, under Laws 1887, c. 503, which permits only one-third of the estate to go to preferred creditors. It then provided for the payment of other debts, and that, "if such residue be not sufficient to pay and discharge all such debts and liabilities in full, then the said party of the second part shall apply the residue of the proceeds to and in payment of the debts and liabilities mentioned in the preference, ratably and in proportion to the respective amounts thereof," and that "if, after the payment of all the said debts and liabilities in full, there shall be any remainder or residue of said property or proceeds," the party of the second part should "repay and return the same to the said party of the first part." The amount realized by the assignee did not exceed $2,500, while the debts proved exceeded $4,000, of which $1,800 was preferred. *Held*, that as to the unpreferred creditors the assignment was void because no provision was made, either expressly or by implication, for payment of unpreferred claims, unless such claims could be paid in full.

Action by Moses Eliassof and others, partners as Eliassof Bros. & Co., against Glidden A. De Wandelaer, and Lewis F. Eckler as assignee of said De Wandelaer under a general assignment for the benefit of creditors, to set aside said assignment.

Mead, Hatt & Palmer, for plaintiffs.
Edward R. Hall (H. V. Borst, of counsel), for defendants.

CHASE, J. On the 8th day of January, 1897, Glidden A. De Wandelaer executed and delivered to Lewis F. Eckler a general assignment for the alleged benefit of his creditors. Lewis F. Eckler accepted the trust, and entered upon the discharge of his duties as such assignee. By this assignment De Wandelaer conveyed to Eckler all of his property, of every description, except such property as is exempt by law from levy and sale under an execution. Following the grant the assignment provides: "In trust, nevertheless, to take possession of the same, and to sell the same, with all rea-

sonable dispatch, and to convert the same into money, and also to collect all such debts and demands hereby assigned as may be collectible, and, with and out of the proceeds of such sales and collections,"—First, provides for the expenses of executing the trust, commissions of the assignee, and the payment of the wages or salary actually owing to employés of the assignor at the time of the execution of the assignment. Second, provides for the payment of a note of $2,500 in full, "if there are sufficient proceeds applicable, according to law." Third, provides that, after the payment in full of the note mentioned in the previous preference, the assignee shall pay five other notes specified, amounting to about $1,800, "if the residue of said proceeds applicable according to law, as provided in chapter 503 of Laws of 1887, shall be sufficient for that purpose," and, if not sufficient, provides for the payment of such residue so applicable according to law on the notes so mentioned ratably. "Fourth, and, after fully paying and discharging all the aforesaid debts as before provided, the said party of the second part shall pay all and singular all other debts and liabilities of the party of the first part; and, if such residue be not sufficient to pay and discharge all such debts and liabilities in full, then the said party of the second part shall apply the residue of said proceeds to and in the payment of the debts and liabilities mentioned in the preference, ratably and in proportion to the respective amounts thereof." "Fifth, and if, after the payment of all the said debts and liabilities in full, there shall be any remainder or residue of said property or proceeds, to repay and return the same to said party of the first part, his executors, administrators, and assigns." The amount realized by the assignee from the estate which came into his hands under the assignment does not exceed $2,500, and the debts proven against the assignor exceed $4,000. The plaintiffs are co-partners doing business as such in the city of Albany, under the firm name of Eliassof Bros. & Co. On the 9th day of February, 1897, plaintiffs recovered a judgment against the defendant De Wandelaer for the sum of $277.84, which judgment was on that day docketed and judgment roll filed in the Albany county clerk's office. On the 10th day of February, 1897, a transcript of said judgment was duly filed and docketed in the office of the clerk of the county of Montgomery, and thereafter an execution was issued on said judgment to the sheriff of said county of Montgomery, that being the county in which the defendant De Wandelaer then resided and now resides, which execution was, prior to the commencement of this action, returned by said sheriff wholly unsatisfied. This action is brought by the plaintiffs to set aside the said assignment, and for the appointment of a receiver of the property so transferred by the said De Wandelaer, and to secure the payment from said property of said judgment of the plaintiffs, and also the claims of such other judgment creditors of the defendant De Wandelaer as shall elect to come in and share the expenses of this action.

It is claimed by the plaintiffs in this action that no provision whatever is made in the assignment for the payment of the unpreferred debts and liabilities of the assignor, unless such unpreferred

debts can be paid in full. The authority of the assignee is derived wholly from the instrument of assignment, and resort cannot be had herein to equitable principles to direct in regard to the distribution of the fund. Bank v. Williams, 128 N. Y. 81, 28 N. E. 33. No evidence has been given on the trial of this action that in any way throws any light on the intention of the parties to such assignment, or that in any way explains any of the provisions of such assignment. The intention of the parties, as well as the legal effect of the assignment, must be ascertained from the instrument itself. The assignment conveys to the assignee all of the property of the assignor, other than property exempt by law from levy and sale under an execution, and provides for the payment of certain preferred debts, and after the payment of the preferred debts in full for the payment of the other debts and liabilities of the assignor in full, and after the payment of all said debts and liabilities in full for the return of the residue of the proceeds to the assignor. It is conceded that there are not assets sufficient in the hands of the assignee to pay all of the claims preferred and unpreferred in full, and the assignment itself recites that the assignor is indebted to divers persons in sundry sums of money, which he is unable to pay in full. The payment of the preferred claims, as specified in the second and third divisions of the directions to the assignee, are expressly limited to the amount applicable according to law. The statement in the fourth division of the directions to said assignee, by which it is provided that, in case the other debts and liabilities of the assignor are not paid and discharged in full, the assignee shall apply such residue of the proceeds to and in the payment of the debts and liabilities mentioned in the preference, would result in the payment to the preferred creditors of more of the assets of the assigned estate than is allowed by chapter 503 of the Laws of 1887. A direction in an assignment for the payment of more than one-third of the assets of the assigned estate to specified creditors does not vitiate the assignment itself. The only effect of the statute is to limit the effective operation of the preference to the permissible one-third. Bank v. Seligman, 138 N. Y. 435, 34 N. E. 196; Abegg v. Bishop, 142 N. Y. 286, 36 N. E. 1058.

Only one-third of the assets of the assigned estate can be paid to the preferred creditors under any or all of the provisions of the assignment. This leaves two-thirds of the assets of the assigned estate to be distributed in accordance with some other direction in the instrument, if there is any provision of the instrument directing in regard to such distribution. In case the debts and liabilities of the assignor, other than those preferred, cannot be paid in full, there is no express direction in regard to the distribution of the fund, or in regard to the fund being returned to the assignor. If I were allowed to speculate as to the probable or possible intention of the assignor in making this assignment, I would say that he inadvertently or negligently omitted the words "including those" after the words "then said party of the second part shall apply the residue of said proceeds to and in the payment of the debts and liabilities," in the last part of the fourth division of the directions to said as-

signee, and that the addition of such words might carry out his intention. There is no authority in the court, however, to interpolate words unless it is necessary to carry out the evident intention of the assignor, and such intention must appear from the instrument itself. No such intention can be found in this instrument. It is suggested that the assignment is made for the benefit of the creditors of the assignor, and, as the provisions for the payment of the preferred creditors fail in part, it should be inferred that the assets are to be applied to the payment of the unpreferred claims. The assignee holds the estate in trust for specified purposes, particularly set forth in the assignment. If the fourth division of the directions to the assignee had been entirely omitted, it is possible that the court would have a right to infer from the fifth division of the directions to the assignee that such residue of the estate should be distributed among the unpreferred claims; but the fourth division of the directions to the assignee, expressly providing for the payment of the unpreferred claims in full, is followed by the fifth division of the directions to the assignee, that if they are paid in full the balance shall be paid to the assignor, while, if the unpreferred claims are not paid in full, then the latter part of the fourth division of the directions to the assignee expressly provides for the distribution of the residue among the preferred claims, without any direction whatever to the assignee, in case such distribution cannot be carried out. I am unable to see how any inference can be indulged in for the benefit of the unpreferred claims, when not only is there no express provision made for them in case they are not to be paid in full, but the assignment in that case expressly provides for the distribution of all the assets of the assigned estate, entirely omitting any reference whatever to the unpreferred claims. An inference that the assignor intended that, in case the residue of the assigned estate was insufficient to pay the unpreferred claims in full, such residue should be distributed among the unpreferred claims ratably, would be an inference in direct opposition to an express direction of the assignment. As the plaintiffs cannot be paid in full, they are unprovided for in the assignment, either by express provision or by any legitimate inference to be drawn from the instrument itself, and consequently some portion of the proceeds of the assigned estate is placed where the plaintiffs cannot reach it by the ordinary process of the courts, and they are hindered and delayed in the collection of their debt, and the assignment should be set aside for that reason.

A decision may be prepared in accordance with this memorandum, and, if the form of the judgment is not agreed upon by the attorneys for the respective parties, it may be settled before me on five days' notice.